IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thuryo A. SNEED, Attorney at Law.

Supreme Court

*No. 92–0943–D. Filed May 20, 1993.*

(Also reported in 499 N.W.2d 668.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended, conditions imposed.*

We review the recommendation of the referee that the court suspend the license of Attorney Thuryo A. Sneed to practice law in Wisconsin for a period of 18 months, effective the date the complaint in this proceeding was filed, and that it impose conditions on his practice of law thereafter for a period of 18 months. The recommended discipline is reciprocal to that imposed on Attorney Sneed in Texas on the basis of his 1988 conviction of misdemeanor theft. We accept the referee's recommendation for discipline.

Attorney Sneed was admitted to practice law in Wisconsin in 1975 as a graduate of the University of Wisconsin Law School but did not engage in the private practice of law in Wisconsin. He currently practices in Dallas, Texas. He has not previously been the subject of an attorney disciplinary proceeding in Wisconsin.

In 1985 Attorney Sneed was contacted by a former co-worker at the U.S. Department of Labor seeking assistance to find a person to pose as a payee of money collected from a company that had underpaid some of its workers. In the event any of those workers entitled to payment could not be located, the money due them would be paid into the U.S. Treasury. Attorney Sneed gave the name of a woman in Atlanta who had agreed to be designated as the payee and a treasury check in the approximate amount of $15,000 was issued to the woman, who then sent Attorney Sneed $3,812.70 as his part of the payment. It was later discovered that this transaction was part of a larger scheme by which the former co-worker had defrauded the government of approximately $105,000.

In 1988 in federal court in New York, Attorney Sneed pleaded guilty to one count of knowingly and wilfully aiding and abetting the conversion to the use of another of the treasury check, for which he was fined $3,812.70 and placed on 18 days' probation. Thereafter, a disciplinary proceeding was instituted in the state of Texas, at the conclusion of which Attorney Sneed's license to practice law was suspended for three years, with the last 18 months of that period probated to practice subject to conditions. Attorney Sneed unsuccessfully sought reconsideration of the decision and thereafter took an appeal, which had not been decided at the time the referee filed her report.

In the course of this proceeding, the referee, Attorney Linda S. Balisle, rejected Attorney Sneed's arguments that the Texas disciplinary proceeding "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process," that "there was such an infirmity of proof establishing the misconduct . . . that the referee could not accept as final the conclusion on that subject" and that the misconduct justifies substantially different discipline in this state, all of which are defenses to reciprocal discipline under SCR 22.25(5).[1] The referee also rejected Attorney Sneed's contention that, in order to be identical discipline, the license suspension imposed in Wisconsin must be deemed to have commenced on the date of the commencement of his suspension in Texas—February 1, 1991.

As reciprocal discipline, the referee recommends that the court suspend Attorney Sneed's license to practice law in Wisconsin for 18 months, commencing April 14, 1992, the date the Board filed its complaint in this proceeding, and that for 18 months thereafter Attorney Sneed's license to practice law be subject to conditions reciprocal to those imposed in Texas:

---

[1] SCR 22.25 provides:

**Reciprocal discipline.**

. . .

(5) Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:

(a) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c) The misconduct established justifies substantially different discipline in this state.

(1)  That he not violate, be convicted of or plead no contest to any law of the United States or any state, territory or dependency of the United States, other than minor traffic violations.

(2)  That he notify the Board of Attorneys Professional Responsibility in writing of any change of his current mailing address within 10 days of any such change.

(3)  That he respond to any request for information forwarded to him by the Board in connection with any allegation of professional misconduct, within the time and in the form requested, unless he claims a privilege against self-incrimination.

(4)  That he not violate the disciplinary rules or commit any act defined as professional misconduct in any state in which he is licensed to practice law and in Wisconsin.

The referee further recommended that Attorney Sneed be required to pay the costs of this proceeding.

In recommending that the license suspension be imposed as commencing the date the Board filed its complaint in this proceeding, the referee noted that Attorney Sneed had timely informed the Board of the disciplinary proceeding in Texas and the Board appropriately waited until that disciplinary proceeding terminated before filing its complaint in this proceeding, which it did within one month of confirming the disposition of the Texas proceeding. The subsequent lapse of time was due to the referee's schedule and, accordingly, the referee considered that imposing a license suspension effective the date of this court's order would be unduly harsh.

129

We adopt the referee's recommendation for reciprocal discipline, as well as her recommendation that Attorney Sneed be required to pay the costs of this proceeding. We reject Attorney Sneed's objection to the assessment of any costs against him on the asserted ground of financial hardship resulting from his license suspension in Texas and other jurisdictions. In response to that objection, the Board asserted that Attorney Sneed has presented no meritorious argument in support of his contention that costs should not be assessed against him. The Board added that, in the event he currently is unable to pay the costs, Attorney Sneed may request an extension of time for payment.

IT IS ORDERED that the license of Thuryo A. Sneed to practice law in Wisconsin is suspended for a period of 18 months, commencing April 14, 1992.

IT IS FURTHER ORDERED that for a period of 18 months, commencing October 14, 1993, the license of Thuryo A. Sneed to practice law in Wisconsin shall be subject to the conditions set forth herein.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thuryo A. Sneed pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thuryo A. Sneed to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Thuryo A. Sneed comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

CECI and WILCOX, JJ., dissent from the effective date of the license suspension and would order the suspension to commence the date of this order.